IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda S. Cook,

      Plaintiff,      Case No. 3:13 CV 1114

  -vs-

               MEMORANDUM OPINION
               AND ORDER

Commissioner of Social Security,

      Defendant.

  Linda S. Cook applied for disability insurance benefits (DIB) with the Social Security Administration (SSA). After exhausting her available administrative remedies, the Commissioner of Social Security denied Cook's application for benefits.

  Cook then sought judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Nancy A. Vecchiarelli for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report and recommendation (R&R) recommending I affirm the Commissioner's decision denying Cook's application for benefits. This matter is before me pursuant to Cook's timely objections to the Magistrate Judge's R&R.

  I have jurisdiction over the Commissioner's final decision denying Cook's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). In accordance with *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), I have made a de novo determination of the Magistrate Judge's R&R. For the reasons stated below, I adopt the Magistrate Judge's recommendations and affirm the Commissioner's decision denying Cook's application for benefits.

**I. Background**

  The Magistrate Judge accurately set forth the procedural background of this case, and I

adopt that section of the R&R in full. (Doc. No. 32 at 1-2). In sum, Cook filed an application for DIB on January 8, 2010. She alleged her ability to work was precluded by chronic asthma, pneumonia, bronchitis, pleurisy, and chronic obstructive pulmonary disease (COPD). Cook alleged these conditions began to prevent her from working on December 1, 2008.

The SSA denied Cook's initial application on March 31, 2010, and denied her request for reconsideration on May 4, 2010. On August 26, 2012, Administrative Law Judge ("ALJ") Melinda D. Hart, on behalf of the SSA and following a hearing which Cook attended, concluded Cook was not disabled. Cook's request for review before the Social Security Appeals Council was denied on January 1, 2013. She now seeks review of the denial of her request for benefits.

## II. Standard of Review

I have jurisdiction over the Commissioner's final decision denying Cook's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). I make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## III. Discussion

When filing objections to a magistrate judge's report, the Sixth Circuit has held general objections are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The objections must

2

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). In many respects, Cook's objections do not satisfy this standard. Cook fails to label or provide a summary of her objections. Instead, she objects to the Magistrate Judge's and ALJ's findings with references to page numbers from the Magistrate Judge's R&R. Many of her arguments are cryptic and confusing, requiring me to construe the meaning of her objections. My review of objections filed by Cook's Counsel in other cases reveals the same issue. I am not alone in this view, as the Magistrate Judge points to similar deficiencies in Cook's brief on the merits and Counsel's briefs in other cases. (Doc. 32 at 14-15, n. 2). In the future, I ask Cook's Counsel to appropriately label objections followed by a sentence describing the precise legal error with the Magistrate Judge's report and recommendation. It is tantamount that I be able "to discern those issues that are dispositive and contentious." *Howard*, 932 F.2d 505 at 508–09. As we shall see in this case, Counsel's failure to provide such clarity going forward risks his clients not receiving de novo judicial review to which they would otherwise be entitled.

Construing Cook's arguments liberally, I have been able to discern the following objections: (1) the ALJ failed to limit Plaintiff's exposure to specific "odors" in the determination of Cook's residual functional capacity (RFC) and hypothetical to the vocational expert (VE); (2) the ALJ improperly analyzed Cook's fibromyalgia; and (3) Cook's subsequent application for benefits was granted.

**RFC and Step Five**

To meet the burden at Step Five, the Commissioner must make a finding "'supported by substantial evidence that [the plaintiff] has the vocational qualifications to perform specific jobs.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). "Substantial evidence may be produced

3

through reliance on the testimony of a vocational expert in response to a 'hypothetical' question." *Id.* If an ALJ relies on a VE's testimony in response to a hypothetical to provide substantial evidence, that hypothetical must accurately portray the claimant's limitations. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (explaining that although an ALJ need not list a claimant's medical conditions, the hypothetical should provide the VE with the ALJ's assessment of what the claimant "can and cannot do"). "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The ALJ incorporated a broad restriction into the RFC and hypothetical question to the VE limiting Cook from all exposure to environmental irritants and poorly ventilated areas. Cook argues the ALJ failed to limit Cook from exposure to specific odors such as perfume, cologne, and hairspray. (Doc. No. 33 at 4). The Magistrate Judge correctly pointed out that there was a lack of objective medical evidence to substantiate such a specific restriction. In her objection, Cook points to a "chart note" from Dr. Dregansky which indicates Cook's asthma was triggered by "scents and environmental chemicals." (Doc. No. 33 at 1-2 *referring to* Doc. No. 26 at 688). However, I find that this chart note supports the ALJ's broad restriction limiting Cook from exposure to all environmental irritants.

Evidence in the record also supports the ALJ's broad restriction, and does not reveal that a more specific limitation was warranted. Cook collected unemployment benefits through 2010. In doing so, she certified to being ready, willing, and able to work. (*See* Doc. No. 26 at 19). Treatment notes revealed Cook had no restrictions as of March 2008, and she had numerous unremarkable pulmonary and respiratory related studies. (*Id.* at 19-20). In addition, despite claiming such specific environmental triggers, Cook was able to go out to dinner occasionally, grocery shop, and visit

4

family members frequently. Thus, the ALJ correctly questioned Cook's credibility. I must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (citation omitted). Because Cook failed to raise a credibility argument before the Magistrate Judge, I will not consider it here. *See Williams v. Comm'r of Soc. Sec.*, No. 11-15219, 2014 WL 1118431, at *3 (E.D. Mich. March 20, 2014) (issues raised for the first time in objections to a Magistrate Judge's recommendation are deemed waived).

Cook also claims that because she "was not represented by counsel at [the] hearing[,] the ALJ was under a heightened duty to inquire and one of the hats worn was to protect the claimant's interests." (Doc. No. 33 at 6). Again, Cook failed to raise this argument before the Magistrate Judge, so I am not required to consider it. However, it bears noting that Cook is a former attorney and paralegal. Moreover, the ALJ informed Cook at the hearing that she was entitled to representation and asked Cook if she understood this right. (Doc. No. 26 at 32-33). Cook responded in the affirmative and then explicitly waived her right to counsel. (*Id.* at 33); *Duncan v. Secretary of H.H.S.*, 801 F. 2d 847, 855-56 (1986) (when an ALJ clarifies waiver of that right before proceeding with the hearing, the ALJ has satisfied her duty in advising a plaintiff of her right to representation). Accordingly, Cook's objection with respect to a more specific environmental limitation is without merit.

### Remaining Objections

With respect to the remaining objections, Cook argues that she had fibromyalgia and it was severe; and she should have been awarded benefits because a subsequent application for benefits was granted. The trouble with these objections, however, is that they are not sufficiently specific to trigger *de novo* review of the Magistrate Judge's decision. Rather, Cook scrutinizes the Magistrate Judge's recitation of the evidence to afford her initial arguments renewed review. My review of

briefs filed by Cook's Counsel in other cases reveals similar attempts to veil initial arguments as objections in the apparent hope of receiving review by me that exceeds my authority.  Moreover, Cook's remaining objections fail to specifically point to any *errors* in the Magistrate Judge's R&R.  While Cook claims the Magistrate Judge mischaracterized certain evidence, she fails to clearly explain how this resulted in legal error.  If I were to review these objections *de novo*, "[t[he functions of the district court [would be] effectively duplicated, as both the magistrate and the district court [have] perform[ed] identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act."  *Howard*, 932 F.2d at 509 (explaining that the specificity requirement in 28 U.S.C. § 636 is necessary to conserve judicial resources).  Thus, the objections are "tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).

As such, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee note.  Having carefully reviewed the record, I find the Magistrate Judge's R&R to be well-reasoned and without error.  Accordingly, I adopt the R&R in its entirety.

**IV. Conclusion**

For the reasons stated above, the Commissioner's decision denying benefits is affirmed.

So Ordered.

     s/ *Jeffrey J. Helmick*
United States District Judge